**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**ISAAC ROTHWELL**; **DIGERATI PRODUCTIONS, INC.**, nominal plaintiff; and **ZWELL, INC.**, nominal plaintiff,

    Plaintiffs,

v.                                                                 Case No. 8:23-cv-2442-WFJ-UAM

**TREVOR ZULINKE**; **RANDAL PRUITT**; **ZWELL, INC.**; **DIGERATI, INC.**; **DIGERATI PRODUCTIONS, INC.**; and **DOES 1-15**,

    Defendants.
_____/

## ORDER

Before the Court is the Motion to Dismiss filed by Defendants Randall Pruitt, Digerati, Inc. ("Digerati"), and Digerati Productions, Inc. ("Digerati Productions") (Dkt. 44), as well as the Motion to Dismiss filed by Defendants Trevor Zulinke and Zwell, Inc. ("Zwell") (Dkt. 45). Plaintiff Issac Rothwell has responded in opposition to both Motions (Dkt. 52; Dkt. 53). Upon careful consideration, the Court finds that this case must be dismissed without prejudice due to a lack of subject-matter jurisdiction. The Court therefore grants the Motions to Dismiss as to this jurisdictional issue, and otherwise finds them moot.

## DISCUSSION

United States district courts have original jurisdiction over cases where complete diversity exists and the amount in controversy exceeds $75,000. § 1332(a). For diversity purposes, a corporation is a citizen of both its state of incorporation and the state in which it has its principal place of business. § 1332(c)(1). An individual's citizenship, on the other hand, is equivalent to his or her domicile, which is the place of his or her "true, fixed, and permanent home[.]" *McCormick v. Aderholt*, 293 F.3d 1254, 1257–58 (11th Cir. 2002) (citation omitted).

Complete diversity is lacking among the parties here. As Mr. Rothwell makes clear in his Amended Complaint, Defendant Trevor Zulinke is "a resident of Hernando County, Florida" and Plaintiff Zwell is "a Florida corporation with its principal place of business in Hernando County[.]" Dkt. 39 at 3. This renders both parties Florida citizens for the purposes of § 1332(a), which destroys any notion of complete diversity. *See CSDVRS, LLC v. Purple Commc'ns, Inc.*, 979 F. Supp. 2d 1302, 1304 (M.D. Fla. 2013) ("Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant.").

Notwithstanding Mr. Rothwell's failure to directly address this issue, it is also worth noting that the Amended Complaint's labeling of Zwell as a "nominal plaintiff" does not change the Court's analysis. The Eleventh Circuit is "mindful

that federal courts 'must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy.'" *Thermoset Corp. v. Bldg. Materials Corp of Am.*, 849 F.3d 1313, at 1317 (11th Cir. 2017) (quoting *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980)). "[N]ominal or formal parties[,]" however, are only "those that are neither necessary nor indispensable to the action" *Id.* (citation omitted). Here, Zwell is an indispensable plaintiff party because Count I explicitly states that "[t]his is a derivative action, brought by ZWELL, through the PLAINTIFF against ZULINKE," Dkt. 39 at 18, and "[t]here is no question that a corporation is an indispensable party in a derivative action brought by one of its shareholders[,]" *Liddy v. Urbanek*, 707 F.2d 1222, 1224 (11th Cir. 1983).[1] It follows that Zwell's citizenship as a "real" plaintiff cannot be ignored.

## CONCLUSION

The Court lacks subject-matter jurisdiction over this dispute.

Accordingly, it is hereby **ORDERED** and **ADJUDGED**:

(1) Defendants Trevor Zulinke and Zwell's Motion to Dismiss (Dkt. 45) is **GRANTED-IN-PART** and **DENIED-IN-PART** as moot.

---

[1] The Eleventh Circuit had interpreted Federal Rule of Civil Procedure 21 to grant district courts the power "to dismiss a non-diverse party like [Zwell, Inc.] in order to preserve jurisdiction over the rest of the case[.]" *Thermoset Corp.*, 849 F.3d at 1318. This power, however, does not extend to non-diverse parties who are indispensable. *Id.* at 1319. For the reasons explained above, Defendant Zwell Inc. is an indispensable party.

(2) Defendants Randall Pruitt, Digerati, and Digerati Productions' Motion to Dismiss (Dkt. 44) is **DENIED** as moot.

(3) This case is dismissed without prejudice.[2]

**DONE AND ORDERED** at Tampa, Florida, on May 1, 2023.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record

---

[2] "[A] dismissal for lack of subject-matter jurisdiction is entered without prejudice." *Yeh Ho v. Sabocik*, 775 F. App'x 551, 555 (11th Cir. 2019) (internal quotation and citation omitted).